UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ANTONIO VALLIN BRIDGES,

                 Petitioner,

v.

RANDEE REWERTS,

                 Respondent.

_____/

Case No. 1:25-cv-65

Honorable Maarten Vermaat

**<u>OPINION</u>**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any

procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and

is required to take action in that capacity, only upon service of a summons or other authority-

asserting measure stating the time within which the party served must appear and defend." *Id.*

(citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons

continues to function as the *sine qua non* directing an individual or entity to participate in a civil

action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates

a circumstance where there may only be one party to the proceeding—the petitioner. Because

Respondent has not yet been served, the undersigned concludes that Respondent is not presently a

party whose consent is required to permit the undersigned to conduct a preliminary review of the

petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties

to th[e] action at the time the magistrate entered judgment.").[1] The consent is sufficient to permit

the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether

"it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C.

§ 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack

merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous

claims, as well as those containing factual allegations that are palpably incredible or false. *Carson*

*v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

> After undertaking the review required by Rule 4, the Court concludes that the petition must

be dismissed because it fails to raise a meritorious federal claim.

### Discussion

### I.    Factual Allegations

> Petitioner Antonio Vallin Bridges is incarcerated with the Michigan Department of

Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm

County, Michigan. On December 1, 2015, in the Ingham County Circuit Court, Petitioner pleaded

guilty to three counts of false pretenses – $1,000.00 or more but less than $20,000, in violation of

Mich. Comp. Laws § 750.218(4)(a), and admitted to being a habitual offender - third offense,

Mich. Comp. Laws § 769.11. *Bridges v. Barrett*, No. 1:16-cv-1269 (W.D. Mich.) (Plea Tr., ECF

No. 21-2, PageID.123–128.)[2] At the sentencing hearing held on December 16, 2015, the trial court

---

[2] The present petition is the latest § 2254 petition filed by Petitioner. Petitioner has previously filed numerous petitions challenging the fact or duration of the sentences imposed for the false-pretenses charges, as well as one prisoner civil rights complaint that also challenged the constitutional propriety of Petitioner's continued incarceration. Petitioner is not particularly forthcoming in his submissions in any single case; however, upon reading Petitioner's filings in all of the cases, one can put together a fairly complete chronology of the events that prompted each of Petitioner's petitions. The cases will be referenced herein as follows:

1.  *Bridges v. Barrett*, No. 1:16-cv-1269 (W.D. Mich.) will be referenced as *Bridges I*;

2.  *Bridges v. Harry*, No. 1:17-cv-287 (W.D. Mich.) will be referenced as *Bridges II*;

3.  *Bridges v. Harry*, No. 1:17-cv-612 (W.D. Mich.) will be referenced as *Bridges III*;

4.  *Bridges v. Michigan Parole Board*, No. 1:20-cv-612 (W.D. Mich.) will be referenced as *Bridges IV*; and

5.  *Bridges v. Rewerts*, No. 1:20-cv-1130 (W.D. Mich.) will be referenced as *Bridges V*.

sentenced Petitioner to concurrent sentences of 2 ½ to 10 years with 138 days of credit. *Bridges I* (Sentencing Tr., ECF No. 21-3, PageID.150–151).

*Bridges I*, *Bridges II*, and *Bridges III* each attacked the original convictions and sentences. All three petitions were dismissed without prejudice because Petitioner failed to exhaust his state court remedies. Petitioner was paroled on January 30, 2018. *Bridges VI* (Compl., ECF No. 1, PageID.2).

Petitioner lasted less than a year on parole. In November of 2018, Petitioner was bound over to the Ingham County Circuit court on charges of resisting and obstructing an officer, as well as fourth-degree criminal sexual conduct. *See* https://courts.ingham.org/CourtRecordSearch/ (type "Bridges" for "Last Name," type "Antonio" for "First Name," enter March 30, 1973, as the "Date of Birth," select "Criminal/Traffic" for "Case Type," select "Search," then select the option for Case Number 18-001000-FH) (last visited Jan. 23, 2025). On June 6, 2019, those charges were dismissed in exchange for Petitioner's guilty plea to attempted resisting and obstructing a police officer. *See id.* The trial court sentenced Petitioner to one day in the Ingham County Jail; however, based on that guilty plea, Petitioner's parole was revoked on June 26, 2019. *Bridges VI*, (Pet'r's Mem., ECF No. 12, PageID.68.) Since that time, Petitioner has been denied parole several times.

---

Petitioner has also filed a civil rights complaint relating to alleged constitutional violations in connection with the denial of parole, *Bridges v. Michigan Parole Board Members*, No. 1:20-cv-1138 (W.D. Mich.), which shall be referenced herein as *Bridges VI*. Petitioner's first habeas petition filed to challenge parole revocation proceedings, *Bridges v. Rewerts*, No. 1:21-cv-558 (W.D. Mich.), shall be referenced as *Bridges VII*. The entirely duplicative petition that he filed shortly thereafter, *Bridges v. Michigan Parole Board et al.*, No. 1:21-cv-678 (W.D. Mich.), shall be referenced as *Bridges VIII*. The third petition filed to challenge the parole revocation proceedings, *Bridges v. Rewerts*, No. 1:21-cv-920 (W.D. Mich.), shall be referenced as *Bridges IX*. The fourth petition filed to challenge parole revocation proceedings, *Bridges v. Rewerts*, No. 1:21-cv-1059 (W.D. Mich), shall be referenced as *Bridges X*.

Those denials form the basis for Petitioner's constitutional challenges in *Bridges IV*, *Bridges V*,

and *Bridges VI*. Each case has been dismissed.

On June 28, 2021, Petitioner filed the habeas corpus petition in *Bridges VII*, raising one

ground for relief, which the Court paraphrases as follows:

> The parole board violated Petitioner's due process rights by revoking parole based
> on parole violation charges that were dismissed. The parole board deprived
> Petitioner of his protected liberty interest to remain on parole without due process
> by denying him the opportunity to prove that he did not commit the dismissed
> violations.

*Bridges VII* (Pet., ECF No. 1, PageID.3). Although Petitioner had previously attacked his

convictions and multiple denials of parole, the *Bridges VII* petition was the first time he had

attacked the constitutionality of the parole revocation proceedings. Thus, the *Bridges VII* petition

was not second or successive to the petitions that preceded it. Petitioner had neither appealed the

parole revocation nor pursued a habeas corpus petition to completion; thus, Petitioner had failed

to exhaust his state court remedies. Petitioner asked the Court to consider and resolve the petition

despite his failure to exhaust, but the Court declined, dismissing the petition without prejudice for

Petitioner's failure to exhaust his state court remedies. *Bridges VII* (Op., ECF No. 8). Petitioner

appealed, and the United States Court of Appeals for the Sixth Circuit denied his application for a

certificate of appealability on March 1, 2022. *Id.* (6th Cir. Order, ECF No. 16).

Almost immediately after filing his notice of appeal in *Bridges VII*, Petitioner filed another

petition raising the same claims, but bolstering his arguments regarding the futility of his state

court remedies with additional facts. The facts were not based on intervening events; instead, they

were simply additional facts regarding events that preceded his petition in *Bridges VII*.

Specifically, Petitioner fixed a date to the filing of his habeas corpus petition in the Montcalm

County Circuit Court—March 28, 2020—and revealed that he had also sought habeas corpus

and/or mandamus relief in the Michigan Court of Appeals. *Bridges VIII* (Pet., ECF No. 1,

PageID.3–4.) The Montcalm County Circuit Court, however, had no record of Petitioner's habeas corpus petition, and the Michigan Court of Appeals showed Petitioner's actions in that court as open and pending. Thus, in the few days between the dismissal of *Bridges VII* and the filing of the *Bridges VIII* petition, there had been no events that would alter the conclusions of the Court that led to the dismissal of *Bridges VII*. Petitioner's state court remedies remained unexhausted, and he had identified no circumstances that warranted foregoing the exhaustion requirement. The Court dismissed *Bridges VIII* as duplicative.

At the end of October 2021, Petitioner filed *Bridges IX*, again challenging the parole revocation.  The Court directed Petitioner to file an amended petition on the approved court form. Petitioner failed to comply, so the petition was dismissed.

Before *Bridges IX* was dismissed, Petitioner filed another § 2254 petition challenging the constitutionality of his parole revocation proceedings. *Bridges X* (Pet., ECF No. 1). The Court directed Petitioner to file an amended petition on the form, and Petitioner did so. The Court subsequently directed Petitioner to show cause why his petition should not be dismissed as untimely. *See id.* (Op. and Order, ECF Nos. 7, 8). Petitioner did not respond. Accordingly, in an order and judgment entered on February 28, 2022, the Court noted that it appeared that Petitioner had been released on parole and dismissed his petition with prejudice as untimely. *See id.* (Order and J., ECF Nos. 10, 11).

Petitioner was again not successful on parole. On October 6, 2022, he was arrested in Isabella County and charged with malicious destruction of property worth between $1,000 and $20,000, as well as malicious destruction of fire or police property. *See* Register of Actions, *People v. Bridges*, Case No. 2022-0000001280-FH (Isabella Cnty. Cir. Ct), *available at* https://micourt. courts.michigan.gov/case-search/court/C21 (type "Bridges" for "Last Name or Business," type

"Antonio" for "First Name," select "Search," then select the link for the only result to appear) (last visited Jan. 23, 2025). Petitioner pleaded guilty to both charges, and the court sentenced him to 1 year and 1 month to a maximum of 10 years for both offenses. *See id.*

The MDOC's Offender Tracking Information System (OTIS) indicates that Petitioner is currently incarcerated pursuant to the sentences imposed by the Isabella County Circuit Court, as well as on the sentences imposed by the Ingham County Circuit Court for the three false pretenses charges.  *See*  https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=437651  (last visited Jan. 31, 2025). Thus, it appears that Petitioner's parole was revoked yet again as a result of his guilty pleas in Isabella County. OTIS indicates that Petitioner's earliest release date was March 21, 2024, and that his maximum discharge date is July 30, 2035. *Id.*

The Court received Petitioner's instant § 2254 petition on January 17, 2025. Petitioner used this Court's form for filing a § 2254 petition but, once again, he is not particularly forthcoming in his petition. Petitioner mentions that he has been denied parole even though he had a score entailing a high probability of receiving parole. (§ 2254 Pet., ECF No. 1, PageID.2.) Petitioner contends that he "has an objective presumption that he would be released on parole." (*Id.*) Petitioner mentions that he was denied parole for another 24 months despite the fact that the "sex offender program is not required for [a] prisoner not convicted of a sex offense and parole can be only denied for up to 1 year for programs." (*Id.*) It appears that Petitioner believes he was denied parole on the basis of inaccurate information. As relief, Petitioner seeks "release from unlawful confinement." (*Id.*, PageID.3.)

## II.    Discussion

Section 2254, of Title 28, United States Code, authorizes "an application for writ of habeas

corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground

that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2254(a). There is no constitutional or inherent right to be conditionally released before

the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442

U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the

presence of a parole system by itself does not give rise to a constitutionally protected liberty

interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a

liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient*

*Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

As noted above, the Court has construed Petitioner's § 2254 petition to suggest that he is

in custody in violation of the Constitution because he was denied parole on the basis of inaccurate

information. The Sixth Circuit Court of Appeals considered the same claim in *Bailey v.*

*Wainwright*, 951 F.3d 343 (6th Cir. 2020). In that case, petitioner Michael Bailey also claimed that

a parole denial violated his constitutional rights because it was based on false information. The

Sixth Circuit concluded that the claim was not cognizable on habeas review under § 2254:

> Section 2254(a) permits courts to "entertain an application for a writ of habeas
> corpus . . . only on the ground that [a petitioner] is in custody in violation of the
> Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Most
> habeas cases implicate the "in custody" or "in violation of" federal law requirement
> by themselves. We face a different problem—a prisoner who does not purport to
> be in custody in violation of federal law, but who is in custody, complains of an
> unconnected violation of federal law, and claims a right to proceed all the same
> under § 2254(a).
>
> The words "in custody" convey any conditions that "significantly restrain" a
> petitioner's "liberty," *Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 9
> L.Ed.2d 285 (1963), such as imprisonment, parole restrictions, or consecutive
> sentences. *Peyton v. Rowe*, 391 U.S. 54, 64–65, 88 S.Ct. 1549, 20 L.Ed.2d 426

8

(1968) (physical restraint and consecutive sentences); *Jones*, 371 U.S. at 242–43, 83 S.Ct. 373 (parole). The phrase "in violation of the Constitution or laws or treaties of the United States" has an equally straightforward meaning. A petitioner must claim that his custody violates federal law, not state law, not some other source of law. *Wilson v. Corcoran*, 562 U.S. 1, 5, 131 S.Ct. 13, 178 L.Ed.2d 276 (2010) (per curiam).

Bailey satisfies each of these requirements in isolation. He is "in custody" because he is serving a life sentence. And his petition rests on a violation of federal law because he claims that Ohio violated his Fourteenth Amendment due process rights. But he has not tied the two together. Bailey does not contend that he is in custody in violation of federal law—in other words, that he is in custody due to a violation of federal law. At its core, Bailey's petition alleges only that he has been deprived of an accurate parole record in violation of federal law. That kind of claim falls outside § 2254(a)'s domain.

Consider Bailey's complaints. He argues, first, that Ohio created a protected liberty interest in an accurate parole record and deprived him of that interest without due process when the Board failed to correct the alleged inaccuracies in the file. He argues, second, that due process independently prevents the Board from making arbitrary decisions, such as refusing to correct a flawed parole record. The problem with both theories is the same: Bailey does not explain how either of them would cause him to obtain parole or otherwise change his custody status.

He does not make this argument because he cannot make this argument. Ohio does not give inmates a right to parole; the Board has authority to grant or deny a candidate's application at its discretion. [*State ex rel.* ]*Keith*[ *v. Ohio Adult Parole Auth.*], 24 N.E.3d [1132,] 1135–36 [(Ohio 2014)]. As a result, Bailey cannot argue that, but for the allegedly inaccurate description, the Board would grant him parole.

*Id.* at 346.

The discretion of the Michigan Parole Board is similarly broad. *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994) (en banc) (noting "the broad powers of the Michigan authorities to deny parole"); *see also Crump v. Lafler*, 657 F.3d 393, 403, 404 (6th Cir. 2011) (stating "[i]n Michigan, the discretion left to the Parole Board is markedly greater" and "[t]here is no 'legitimate claim of entitlement to parole"); *Hill v. Snyder*, 878 F.3d 193, 202 (6th Cir. 2017) (explaining that the Michigan parole statutes "endow the Board with discretion to deny parole to those who are eligible") Thus, Petitioner, like Bailey, cannot argue that the Board would grant him parole if this Court compelled the Board to reconsider Petitioner for parole; thus, Petitioner cannot show "that

9

he is in custody due to a violation of federal law." *Bailey*, 951 F.3d at 346. Therefore, Petitioner has not stated a cognizable habeas claim.

### III.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons the Court finds that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue

Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:    February 5, 2025                    /s/ *Maarten Vermaat*

                                             Maarten Vermaat
                                             United States Magistrate Judge